UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JONATHAN S. SEILER,<br>    Plaintiff, | :<br>:<br>: |
| v. | : Civil No. 3:17-cv-71(AWT) |
| SCOTT SEMPLE, et al.,<br>    Defendants. | :<br>:<br>: |

### RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Jonathan S. Seiler, commenced this civil rights action pro se. The remaining named defendants are Lieutenant Donovan and Correctional Officer Pearson. The only remaining claim is an Eighth Amendment claim for use of excessive force. The defendants have moved for summary judgment. For the reasons that follow, the motion for summary judgment is being granted.

### I.  LEGAL STANDARD

A motion for summary judgment may be granted only where there are no issues of material fact in dispute and the moving party is therefore entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.; Redd v. New York Div. of Parole, 678 F.3d 166, 173-74 (2d Cir. 2012). "When the nonmoving party will bear the burden of proof at trial, the moving party can satisfy its burden at summary judgment by 'pointing out to the district court' the absence of a genuine dispute with respect to

any essential element of its opponent's case: 'a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" Cohane v. National Collegiate Athletic Ass'n, 612 F. App'x 41, 43 (2d Cir. 2015) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). He cannot "'rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact.'" Robinson v. Concentra Health Servs., 781 F.3d 42, 34 (2d Cir. 2015) (citation omitted). He must present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000). Although the court reads pro se papers liberally and interprets them to raise the strongest arguments they suggest, Willey v. Kirkpatrick, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and are insufficient to oppose a properly supported motion for summary judgment. Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

## II. **FACTS**[1]

On August 2, 2016, Officer Pearson inspected the plaintiff's cell in the restrictive housing unit, RHU-101, and removed a second mattress from the cell. He then escorted the plaintiff from the recreation yard back to his cell.

While being handcuffed to enter the restrictive housing unit from the recreation yard, the plaintiff pulled his hands back from the trap toward the recreation yard. During the escort to his cell, the plaintiff closed the distance between Officer Pearson and himself, despite verbal instructions not to do so. Officer Pearson used controlled contact to maintain a space between them.

When they were directly in front of the plaintiff's cell,

---

[1] The facts are taken from the defendants' Local Rule 56(a) Statements and exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party. Each admission or denial must include a citation to an affidavit or other admissible evidence. In addition, the opposing party must submit a list of disputed factual issues. D. Conn. L. Civ. R. 56(a)2 and 56(a)3. The defendants informed the plaintiff of this requirement. ECF No. 102. In his memorandum, the plaintiff disputes some of the defendants' facts. As he cites no admissible evidence and has failed to file the required Local Rule 56(a)2 Statement, the defendants' facts are deemed admitted. See D. Conn. L. Civ. R 56(a)1 ("Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)2 Statement required to be filed and served by the opposing party in accordance with this Local Rule, or the Court sustains an objection to the fact.").

the plaintiff fell to the floor on his abdomen. The plaintiff acted alone without any involvement by Officer Pearson, who immediately stepped away from the plaintiff and made no contact with him.

While on the ground, the plaintiff yelled "stop kicking me in the [groin], stop kicking my stomach, stop hurting me." ECF No. 101-2, ¶ 6. In his original Complaint, the plaintiff alleged that he stated that "[i]t feels like you kicked me in the [groin]." Id., ¶ 7.

Officer Pearson summoned assistance. Lieutenant Donovan responded to the call. After listening to Officer Pearson's description and viewing the situation upon her arrival, Lieutenant Donovan determined that the plaintiff had been actively resistant during the restraint application for his return from the recreation yard by pulling his hands away from the trap door. He also was actively resistant while being escorted to his call by deliberately closing the gap between Officer Pearson and himself and ignoring verbal instructions to stop doing so. Lieutenant Donovan determined that the plaintiff had intentionally fallen to the floor and falsely accused Officer Pearson of assaulting him. As she determined that the plaintiff had interfered with institutional safety and security, Lieutenant Donovan decided that use of in-cell restraints was warranted.

4

At 8:37 p.m., Lieutenant Donovan ordered the plaintiff taken to cell RHU-112 and placed on in-cell restraints. The restraints were removed the following morning, at 4:05 a.m. At no time was the plaintiff placed on full stationary restraints, also known as four-point restraints.

In late May 2016, the plaintiff filed eight inmate grievances during an eight-day period. The plaintiff was found to have abused the inmate grievance process and was placed on grievance restriction from June 2, 2016 through December 3, 2016. During that time, he was permitted to file only one grievance per month as long as that grievance related to a new issue not previously addressed through the grievance process.

This incident occurred on August 2, 2016. The plaintiff had thirty days, or until September 2, 2016, to file a grievance. He did not do so. Instead, on August 10, 2016, he filed a grievance on an unrelated issue.

The plaintiff was issued a disciplinary report for interfering with safety and security. The hearing was held on August 10, 2016. He was found guilty. The plaintiff appealed the disciplinary finding. He challenged the manner in which the hearing was conducted, as well as a statement by an officer who is not a defendant regarding an issue that is not challenged in this action.

## III. **DISCUSSION**

In his Second and Third Amended Complaints, the plaintiff included five John Doe defendants. In the March 9, 2017 Initial Review Order, the court directed the plaintiff to ascertain the names of these defendants during discovery and file a notice containing their names and addresses. The discovery period ended in October 2017. As the plaintiff never identified any of the Doe defendants, all claims against them are being dismissed.

The defendants move for summary judgment on three grounds: (1) the plaintiff failed to exhaust his administrative remedies before commencing this action, (2) the defendants did not use excessive force against the plaintiff by placing him on in-cell restraints, and (3) even if the plaintiff's constitutional rights were violated, the defendants are shielded from liability by the doctrine of qualified immunity. Because the court concludes that the defendants are entitled to summary judgment on the first and second grounds, it does not reach the issue of qualified immunity.

### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act requires prisoners to exhaust administrative remedies before filing a federal lawsuit relating to prison conditions. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 524, 532 (2002).

Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks. See Booth v. Churner, 532 U.S. 731, 741 (2001). Furthermore, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. See Woodford v. Ngo, 548 U.S. 81, 90-91, 93 (2006) (proper exhaustion "means using all steps that the agency holds out ... (so that the agency addresses the issues on the merits) ... [and] demands compliance with agency deadlines and other critical procedural rules"). Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001), overruled on other grounds by Porter, 534 U.S. 516 (2002). Special circumstances will not relieve an inmate of his or her obligation to adhere to the exhaustion requirement. An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable. See Ross v. Blake, ___

U.S. \_\_\_, 136 S. Ct. 1850, 1858 (2016).

The administrative remedies for the State of Connecticut Department of Correction are set forth in Administrative Directive 9.6, entitled Inmate Administrative Remedies (effective August 15, 2013) and may be found at: http://www.portal.ct.gov/doc.  See Defs.' Mem. Ex. 4, ECF No. 101-6 at 9-22.  The type of remedy available to an inmate depends on the nature of the issue or condition experienced by the inmate or the decision made by correctional personnel.  For all matters relating to any aspect of a prisoner's confinement that are subject to the Commissioner's authority and that are not specifically identified in Sections 4(B) through 4(I) of Administrative Directive 9.6, the applicable remedy is the Inmate Grievance Procedure.  The grievance procedures apply to the plaintiff's claims for use of excessive force.  The exceptions listed in the directive all deal with appeals of decisions for which there are other administrative remedy procedures in place.

Under Administrative Directive 9.6(6), an inmate must first attempt to resolve the matter informally.  He or she may attempt to verbally resolve the issue with an appropriate staff member or supervisor.  See id. at 9.6(6)(A).  If attempts to resolve the matter orally are not effective, the inmate must make a written attempt using a specific form and send that form to the

appropriate staff member. See id. If all attempts to resolve the matter informally are unsuccessful, an inmate may file a Level 1 grievance. See id. at 9.6(6)(C).

The Level 1 grievance must be filed within thirty calendar days from the date of the occurrence or discovery of the cause of the grievance and should include a copy of the response to the written request to resolve the matter informally or explain why the response is not attached. See id. The Unit Administrator shall respond in writing to the Level 1 grievance within thirty business days of his or her receipt of the grievance. See id. at 9.6(6)(I).

The inmate may appeal the disposition of the grievance by the Unit Administrator or the Unit Administrator's failure to dispose of the grievance in a timely manner to Level 2. See id. at 9.6(6)(G) & (I). The Level 2 appeal must be filed within five calendar days from the inmate's receipt of the decision on the Level 1 grievance. See id. at 9.6(K).

Level 2 appeals of inmates confined in Connecticut correctional facilities are reviewed by the appropriate District Administrator. See id. at 9.6(6)(K). The District Administrator should respond to the Level 2 appeal within thirty business days of receipt of the appeal. See id.

Level 3 appeals are limited to challenges to department policy, the integrity of the grievance procedure or level 2

appeals to which there has been an untimely response by the District Administrator. See id. at 9.6(6)(L). A Level 3 appeal must be filed within five calendar days from the inmate's receipt of the decision on the Level 2 appeal. See id. A Level 3 appeal is reviewed by the Commissioner of Correction or his or her designee. See id.

The plaintiff contends that he was unable to file a grievance because he was on grievance suspension. This is incorrect. The defendants have submitted a copy of the letter informing the plaintiff of his placement on grievance restriction. See ECF No. 101-6 at 23. The letter states that the plaintiff is permitted to file one grievance per month on a new issue not previously addressed in another grievance. Id.

The defendants also have filed the declaration of the grievance coordinator, who states that the plaintiff filed a grievance on an unrelated matter on August 10, 2016, thereby using his allotted grievance for August. King Decl., ECF No. 101-6 at 4, ¶ 15. The plaintiff could have elected to use his August grievance to address this issue, or he could have filed a grievance on September 1, 2016, the last day of the thirty day period to file a grievance on this issue. He did not do so.

The court concludes that the grievance procedures were available to the plaintiff but he did not utilize them. Thus, he did not exhaust his administrative remedies before commencing

10

this action.  The defendants' motion for summary judgment is granted for failure to exhaust administrative remedies.

   B.   Excessive Force

   Even if administrative remedies had been unavailable, the defendants' motion should be granted.  The plaintiff alleged that he had been placed in four-point restraints and continues to suffer numbness and increased back pain as a result.  The defendants have submitted evidence, including video footage, demonstrating that the plaintiff was placed on in-cell restraints.  He was not placed in four-point restraints at any time during this incident.

   Moreover, the placement of restraints on a prisoner does not, in and of itself, constitute use of excessive force or cruel and unusual punishment.  See Bowens v. Smith, No. 9:11-cv-784(GLS/ATB), 2013 WL 103575, at *10 (N.D.N.Y. Dec. 12, 2012), affirmed and adopted, 2013 WL 103596 (N.D.N.Y. Jan. 8, 2013).  "There is consensus among courts in this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort." Shehan v. Erfe, No. 3:15-cv-1315(MPS), 2017 WL 53691, at *10 (D. Conn. Jan. 4, 2017) (quotation marks and citations omitted); see also Baksh v. City of New York, No. 15-CV-7065(NGG)(ST), 2018 WL 1701940, at *8 (E.D.N.Y. Mar. 31, 2018) ("the lack of a continuing injury beyond temporary discomfort is fatal to an excessive force

claim"). Although the plaintiff alleged that he suffered numbness and back pain as a result of the use of restraints, and that the pain continued through the filing of the amended complaints, he has submitted no evidence in opposition to the motion for summary judgment supporting this allegation. Absent any evidence of continuing injury, there is no factual basis for an excessive force claim.

### III. **CONCLUSION**

The defendants' motion for summary judgment [ECF No. 101] is GRANTED and all claims against the unidentified Doe defendants are DISMISSED. The Clerk is directed to enter judgment in favor of the defendants and close this case.

It is so ordered.

Signed this 14th day of August 2018 at Hartford, Connecticut.

                                        /s/AWT
                                  Alvin W. Thompson
                           United States District Judge